**12 CV 02360**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **David Farkas;** *Plaintiff,* | Case No._____ |
| -v- | |
| **NORTHSTAR LOCATION SERVICES, LLC;** *Defendant,* | TRIAL BY JURY DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David Farkas, a natural person, who resides in Orange County, New York State.

4. The Defendant in this lawsuit is NORTHSTAR LOCATION SERVICES, LLC an unknown entity with offices at 4285 Genesee Street, Cheektowaga, NY 14225-1943.

### VENUE

5. The occurrences which give rise to this action occurred in Orange County, New York State and Plaintiff resides in Orange County, New York State.

6. Venue is proper in the Southern District of New York State.


RECEIVED MAR 29 2012 PRO SE OFFICE

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been obtained on various occasions by various entities he did not recognize and without his consent.

9. Plaintiff found after examination of his Experian consumer credit report that Defendant, had obtained the Plaintiff's Experian consumer credit report on February 6, 2010 without permissible purpose, thereby reducing Plaintiff's credit score.

10. Discovery of violation brought forth herein occurred in the Month of December, Year 2011 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NORTHSTAR LOCATION SERVICES, LLC

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. Experian, consumer credit report is a consumer credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(d), and within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the

consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

17. At no time did the Plaintiff give his consent for Defendant, to acquire his consumer credit report from any credit reporting agency.

18. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.
(2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

19. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose to obtain the Plaintiff's credit report.

20. In the Year 2010, Defendant, obtained the Plaintiff's Experian consumer credit report with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

21. Plaintiff has no idea or indication as to what possible alleged account Defendant, could claim to have with him and is positive he had no account with Defendant, which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant, obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, respectfully prays that judgment be awarded in his favor for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); against Defendant, NORTHSTAR LOCATION SERVICES, LLC and for statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); to be determined by this honorable court, fees and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated:  March 27, 2012

Respectfully Submitted,

By: _____
David Farkas
P.O. Box 54
Monroe, NY 10949
ibzp12@gmail.com

Service to:

NORTHSTAR LOCATION SERVICES, LLC
4285 Genesee Street
Cheektowaga, NY 14225-1943